UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BASHEEN RUSH,
               Plaintiff,

v.

DR. L. MALIN, ANTHONY ANNUCCI,
CHERYL MORRIS, JEFF MCKOY, and
HERNANDEZ,
               Defendants.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

15 CV 3103 (VB)

Briccetti, J.:

    Plaintiff Basheen Rush, a former inmate at Sing Sing Correctional Facility ("Sing Sing"), currently housed at Orleans Correctional Facility ("Orleans"), who identifies as an adherent of the Shi'a branch of Islam, brings this action pro se and in forma pauperis under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, and 42 U.S.C. § 1983, alleging violations of his First Amendment right to free exercise of his religion and his Fourteenth Amendment right to equal protection.

    Pending before the Court is plaintiff's motion for reconsideration of a portion of the Court's June 29, 2017, Opinion and Order granting in part and denying in part defendants' motion to dismiss (Doc. #74, "MTD Decision"). (Doc. #77).

    For the reasons set forth below, the motion for reconsideration is GRANTED in part and DENIED in part.

    In its MTD Decision, the Court dismissed (i) plaintiff's claim that his freedom to exercise his religion was violated on July 28, 2014, when he was prevented from participating in a Shi'a Eid ul-Fitr prayer service at Sing Sing because the event packet was submitted too late (plaintiff's "first claim"), and (ii) plaintiff's claim that an observance of the Six Days of

1

Shawwal Fast at Sing Sing was rescheduled for a date that caused a conflict with another Muslim event (plaintiff's "second claim").[1]

When plaintiff originally filed the instant motion for reconsideration, he sought reinstatement of both of these claims. However, during a conference held by the Court on July 26, 2017, plaintiff withdrew his second claim. (See Doc. #80). Accordingly, the Court addresses only plaintiff's arguments for reinstating his first claim.

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see SDNY Local Civil Rule 6.3. The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). Further, the motion "may not . . . advance new facts, issues, or arguments not previously presented to the Court." Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116

---

[1] As explained in an Order dated July 26, 2017, the Conclusion section of the MTD Decision mistakenly stated plaintiff's "first, second, and fifth" claims were dismissed, when in fact the discussion session made clear only the first and second claims were dismissed. (Doc. #80).

2

(S.D.N.Y. 1991). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (internal quotation marks and citation omitted).

Here, plaintiff alleges he was prevented from participating in a Shi'a Eid ul-Fitr prayer service on July 28, 2014, because the event packet was rejected as untimely under New York Department of Corrections and Community Supervision ("DOCCS") directive 4202. According to plaintiff, defendant Dr. Leslie Malin, Superintendent of Programs at Sing Sing, informed Shi'a inmates a week before the Eid ul-Fitr prayer service that she had not received their event packet for the service. The Shi'a inmates then submitted the event packet sometime in the next few days. However, directive 4202 provides that such packets must be submitted 45 days before an event. Because the event packet was late (and because it listed as participants inmates who were allegedly not Shi'a—a fact not at issue here), Malin denied the event packet.

Based on these allegations, the Court held that plaintiff failed to state a free exercise claim because "[a]s a matter of law, the requirement that an event [packet] be submitted well in advance of the event is 'reasonably related to legitimate penological interests.'" (MTD Decision at 5, quoting O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987)).

Plaintiff argues in his motion for reconsideration that the Court overlooked the fact that plaintiff "did not and does not have the ability to submit an event [packet]," and that defendant Imam Hasan A. Mu'min had "the sole responsibility for submitting the event [packet] within 45 days . . . per the defendants['] own directive 4202." (Pl.'s Br. at ¶ 1). Plaintiff further claims Mu'min "submitted the Sunni [Muslims'] event packet on time, yet failed to submit" the Shi'a

3

Muslims' packet.[2] (Id. ¶ 4). With respect to defendant Malin, plaintiff asserts she "instructed [plaintiff and another inmate] to submit a packet to her and yet she denied him a fundamental act of worship." (Id. ¶ 3).

The Court agrees with defendants, consistent with the MTD Decision and for the same reasons provided therein, that Malin's denial of the event packet just days before the event does not constitute a constitutional violation. Even if Malin told plaintiff to submit the event packet but nevertheless subsequently denied the packet, and even if she had approved late packets on other occasions, it was still reasonable for her to deny the event packet at issue on the ground that it was untimely, consistent with directive 4202.

However, the Court disagrees with defendants' arguments with respect to Mu'min's failure to submit the event packet on time. Defendants argue "[d]irective 4202 does not impose any duty on a DOCCS chaplain to generate an event packet." (Defs.' Opp'n at 6). But this is not clear from the language of the directive:

> Chaplains shall notify each religious community of upcoming celebrations along with a deadline to sign up to participate. This should be documented in writing and be included in the packet. <u>The event packet must be submitted</u> to the [Deputy Superintendent for Program Services] no less than forty five (45) days prior to the event. . . . Inmates are required to provide a separate written request to participate in each religious celebration or observance that they are interested in. . . . It is the responsibility of the designated Chaplain to schedule the above activities and to document requests for attendance.

DOCCS directive 4202(VII)(B) (emphasis added).

---

[2] Although not spelled out in plaintiff's amended complaint, this allegation is included in the attachments thereto. (See Ex. 31 at 15, "it is and was the sole responsibility of the coordinating chaplain, one Imam Hasan A. Mu'min, to compete and submit the Eid ul-Fitr religious event packet for the Shi'a community 45 days prior to the event date and or, at a minimum, at the very same time . . . that he submitted the Eid ul-Fitr event packet for the Sunni Muslim community."). As a result, defendants are incorrect when they claim "this argument . . . is made for the first time" in plaintiff's motion for reconsideration. (Defs.' Opp'n at 6).

4

The text of this directive is ambiguous as to whether it is the responsibility of the chaplain or the inmates to submit the event packet.

In addition, the documents attached to plaintiff's amended complaint show Mu'min submitted an event packet for Shi'a inmates on at least one previous occasion, for the "end of Ramadan Prayer service" in 2012. (Ex. 31 at 10). Also, plaintiff alleges that Mu'min submitted the event packet for Sunni Muslim inmates for the 2014 Eid ul-Fitr event. These allegations are consistent with plaintiff's contention that it was Mu'min's responsibility to submit the Eid ul-Fitr event packet for the Shi'a Muslim inmates in 2014. Moreover, defendants do not provide a legitimate penological interest in Mu'min's failure to submit the packet for the Shi'a inmates' 2014 Eid ul-Fitr event at the same time he did submit a packet for the Sunni Muslim inmates, or in an otherwise timely manner.

Finally, the Court is unable to determine as a matter of law at the motion to dismiss stage that Mu'min's failure to submit the event packet on time did not violate plaintiff's clearly established constitutional right to the free exercise of his religion. As a result, Mu'min is not entitled to qualified immunity at this time.

Accordingly, liberally construing the amended complaint in light of plaintiff's pro se status, the Court concludes plaintiff has stated a claim against Mu'min on his first claim. However, the claim is reinstated against Mu'min only; Malin's denial of the event packet on the grounds that it was untimely was reasonable under the circumstances.

Finally, to be clear, the Court is not finding directive 4202 requires chaplains such as Mu'min, and not inmates, to submit event packets. Instead, the Court finds that plaintiff has alleged this to be the case, and that directive 4202 is ambiguous on this point. At the motion to dismiss stage, this is enough for plaintiff's claim to proceed.

Accordingly, the motion for reconsideration is GRANTED in part and DENIED in part. Plaintiff's first claim is reinstated against defendant Mu'min only.

The Clerk is instructed to (i) reinstate Imam Hasan A. Mu'min as a defendant in this action, (ii) terminate the motion (Doc. #77), and (iii) mail a copy of this Memorandum Opinion and Order to plaintiff at his address as it appears on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: August 9, 2017
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge